IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JESSIE JOHNSON,

    Plaintiff,

v.

CGR SERVICES, INC.; PROVIDIAN
NATIONAL BANK; EXPERIAN
INFORMATION SOLUTIONS, INC.;
and EQUIFAX INFORMATION
SERVICES, LLC,

    Defendants.

Case No. 04 C 2587

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Jessie Johnson filed a four-count Amended Complaint against Defendant CGR Services, Inc. (hereinafter, "CGR"), a debt collection company, alleging violations of the Fair Debt Collection Practices Act (the "FDCPA") (Count I), the Illinois Wage Garnishment Act (Count II), and the Fair Credit Reporting Act (the "FCRA") (Count III). Plaintiff also alleged a violation of the FCRA (Count III) against Defendant Providian National Bank (hereinafter, "Providian"), a bank card issuer; and a violation of the FCRA (Count IV) against Defendants' Equifax Info. Servs. LLC and Experian Info. Solutions, Inc., credit reporting agencies (the "CRAs"). Before the Court are Providian's and CGR's Motions to Dismiss on all Counts.

### I. BACKGROUND

Plaintiff's Complaint alleges that a default judgment was taken in a September 19, 2003 Illinois state court proceeding for $3,301.83

on an unpaid Providian credit card account, ending in numbers 326. Following the default judgment, Plaintiff received a letter from her employer on October 16, 2003 notifying her that her wages would be garnished pursuant to a garnishment order. Plaintiff states that her wages continue to be garnished as of the date of her filing the Complaint.

Plaintiff claims that she had an outstanding debt on only one Providian credit card account, ending in numbers 843, which she fully settled by paying $900 to National Account Systems in April 2003. She then received a summons and complaint for a different delinquent Providian debt, ending in numbers 326, on August 4, 2003. CGR, a named plaintiff, is the holder of the Providian account. The summons and complaint named Jessie L. Johnson, Sr., listed Plaintiff's address, and were served on one of her family members. Plaintiff claims that this was not her account, as she is a woman and not designated a "Sr."

After receiving the Complaint, Plaintiff called and spoke to a representative named Dennis. She states that Dennis informed her that he would continue the case in order to allow her to submit proof to CGR that the debt was not hers. He advised her that she did not have to appear in court for the September 19, 2003 hearing. She did not appear and the court entered a default judgment.

Plaintiff filed a *pro se* motion to vacate the default in state court and at the hearing, CGR's attorneys requested a continuance due to the holiday season. The judge also instructed Plaintiff to seek

legal counsel. Plaintiff does not state what happened subsequent to the hearing, except that her wages continue to be garnished.

Plaintiff also contacted three credit reporting agencies to dispute the debt resulting from the default judgment (account ending in numbers 326) and request reinvestigation. After an investigation, one agency deleted the trade line that related to the debt on her credit report and the other two CRAs did not delete the debt or mark it as disputed on her consumer credit report. In November 2004, Plaintiff wrote both agencies demanding a description of the procedures used and furnishers of information contacted to verify the disputed debt. Plaintiff claims that they did not respond. Plaintiff filed her original complaint in April 2004 and then filed her amended complaint adding the CRAs as Defendants in January 2005.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In ruling on a motion to dismiss under either 12(b)(6) or 12(b)(1), a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.*; *Reuth v. U.S. EPA*, 13 F.3d 227, 229 (7th Cir. 1993)(per curiam). A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can

prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

### III. DISCUSSION

#### A. The FCRA Claims

Plaintiff asserts Count III against Providian and CGR and asserts that "on information and belief," Providian and CGR violated the FRCA when it "willfully failed to comply with [its] duties under the FCRA." 15 U.S.C. § 1681s-2(b); (Am. Complaint ¶¶ 42-49). The FCRA requires furnishers of information to follow certain duties after notice from a credit reporting agency concerning a consumer dispute. These duties include: conducting an investigation; reviewing the information provided by the consumer reporting agency; reporting the results to the consumer reporting agency; and if the information is inaccurate, reporting that finding to all consumer reporting agencies. § 1681s-2(b).

Providian argues that to state a claim for relief under the FCRA, Plaintiff must plead and eventually prove "any actual damages sustained by the consumer as a result of the failure" to comply with FCRA's requirements, and that the complaint fails to properly plead such damages. § 1681o; *Nagle v. Experian Info. Solutions, Inc.,* 297 F.3d 1305, 1306 (11th Cir. 2002)(requesting actual damages for mental suffering). Plaintiff's complaint states that she "has suffered damages as a result of Defendants' conduct" and requests actual damages, punitive damages, declaratory relief, costs, and attorney's fees. (Am. Complaint ¶¶ 49-50). To enforce liability under this

- 4 -

section, "the plaintiff must receive some relief beyond mere entry of judgment." *Nagle*, 297 F.3d at 1306; *see also Crabill v. Trans Union, LLC*, 259 F.3d 662, 667 (7th Cir. 2001)(alleging to suffer denial of credit from a particular creditor because of an alleged inaccurate report).

Federal Rule of Civil Procedure 8 allows for a liberal, but not nonexistent, pleading standard. The FCRA does not explicitly limit the "actual damages" recoverable under the statute and Plaintiff does not need to plead her damages with heightened particularity. However, the Complaint needs at least to give the other party some notice as to what her actual damages could possibly be. Plaintiff claims that her wages continue to be garnished improperly from a prior state court order, but does not assert other damages anywhere in her complaint. (*See* Am. Complaint ¶ 26).

Taking all the allegations in Plaintiff's complaint as true, the Court cannot conceive of any damages that Plaintiff has sustained from which the Court could grant relief. This is not a matter of actually providing evidence as proof of her damages -- as is necessary to demonstrate a *prima facie* case on summary judgment -- but just stating a proper claim for relief in the first instance. *See Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1154 (11th Cir. 1991)(failing to present *prima facie* case on summary judgment from allegations of the denial of credit on numerous specific occasions due to an alleged inaccurate report). Plaintiff's brief even acknowledges that the garnished wages are not the damages

suffered by the alleged FCRA violations, but only states that they are "new damages" separate from the garnished wages. (Res. at 9).

Plaintiff alternatively requests to amend her complaint if the allegations as plead regarding the FCRA requirements under § 1681s-2(b) are insufficient. (*Id.* at 11). Although leave to amend should be granted freely under FED. R. CIV. PROC. 15(a), Plaintiff already has been granted leave to amend once, her briefs give absolutely no indication that she can plead any other damages beyond her garnished wages, and her brief does not ask for leave on the damage issue. Therefore, the Court finds that Plaintiff fails to state a claim for which the Court could grant relief and denies Plaintiff's request to amend as futile. *See Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). The Court dismisses Count III against both Providian and CGR.

## B. CGR's Motion to Dismiss

CGR moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under FED. R. CIV. PROC. 12(b)(1). CGR argues that the *Rooker-Feldman* Doctrine (the "Doctrine") bars Plaintiff's claims against CGR -- Counts I through III. When a federal plaintiff alleges an injury caused by a state court judgment, the Doctrine may deprive the lower federal court of jurisdiction over the claim, regardless of the correctness of the state court judgment. *Nationscredit v. City of Chicago*, 135 F. Supp. 2d 905 (N.D. Ill. 2001).

The Doctrine also precludes claims that are "inextricably intertwined" with a state court judgment "'such that success in the federal court would require overturning the state court decision' *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003), even if the claim was not directly argued in the state court." *Bryan v. Belvidere Nat'l Bank*, No. 04 C 50009, 2004 WL 1345096, at *2 (N.D. Ill. June 14, 2004)(citing *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993)). In determining whether Plaintiff's claims are inextricably intertwined with the state court judgment, the Seventh Circuit has "recognized a distinction between 'a federal claim alleging injury caused by a state court judgment' and 'a federal claim alleging a prior injury that a state court failed to remedy.'" *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999)(quoting *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 702 (7th Cir. 1998)).

In Count I, Plaintiff claims that CGR violated the FDCPA, Sections 1692d-f, when it used unconscionable, false, deceptive, or misleading means in connection with the collection of the Providian debt; made a false or deceptive representation of the debt by representing that Plaintiff owed a debt on an account that she never held; and engaged in abusive actions in the state court proceeding. In Count II, Plaintiff claims that CGR unlawfully garnished her wages by failing to send her the required notice preceding the garnishment under 740 ILCS 170/2. In Count III, Plaintiff alleges CGR failed to

reasonably investigate under the FCRA. The Court addressed and dismissed Count III in Section III.A, *supra*.

### 1. *The FDCPA Claims*

The Court first turns to the FDCPA claims against CGR. The Court finds the Seventh Circuit's decision in *Long*, where the plaintiff alleged that defendants violated three provisions of the FDCPA and violated her due process rights under 42 U.S.C. § 1983, analogous and controlling on this issue. *See* 182 F.3d at 555. In *Long*, the plaintiff sued her landlord, the management company, and the landlord's attorney for unlawfully evicting her from her federally subsidized apartment pursuant to a court order. The district court dismissed her action under the Doctrine, but the Seventh Circuit reversed and remanded, determining that the FDCPA claims under 15 U.S.C. §§ 1692e-g were "independent from the eviction, order, and therefore, *Rooker-Feldman* [did] not apply." *Id.* The Seventh Circuit went on to state that "the fact that the plaintiff's pursuit of his federal claims could ultimately show that the state court judgment was erroneous did not automatically render *Rooker-Feldman* applicable. . . ." *Id.* (citing *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)); *see also GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)(finding that *Rooker-Feldman* does not apply if plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party").

The alleged FDCPA violations in *Long* were "complete prior to the entry of the eviction order." *Id.* at 556; *see also Epps*, 320 F.3d at 759 n.5, 760 (mentioning in dicta that the Doctrine may be inapplicable to FDCPA claims "predicated upon actions [by the defendants] that occurred before the [court] entered judgment"). As the *Long* court stated, "it makes no difference that [Plaintiff] may also deny the correctness of the [default judgment] in pursuing these claims." 182 F.3d at 555. Plaintiff's FDCPA claims against CGR involve the representations made in filings in the state court and other actions taken by CGR that were allegedly false, deceptive, or misleading, but are not specifically predicated on the entry of the money judgment. *See Epps*, 320 F.3d at 760 (distinguishing plaintiff's state claims from *Brooks v. Auto Sales & Servs., Inc.*, No. IP 00-1467-C-M/S, 2001 WL 686950 (S.D. Ind. June 15, 2001), where the district court found the Doctrine inapplicable to FDCPA claims brought in federal court after a state court judgment); *cf. Bullock v. Credit Bureau of Greater Indianapolis, Inc.*, 272 F. Supp. 2d 780 (S.D. Ind. 2003)(finding that FDCPA claims were similar to state claim theories in *Epps* and thus were barred by the Doctrine because the district court would implicitly overturn the state court judgment).

Plaintiff's injuries from CGR's alleged violations of the FDCPA can be in the form of statutory damages, distinct from her garnished wages that resulted from the default judgment. *See Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997)(stating that proof of actual

damages is unnecessary to recover statutory damages). The FDCPA "is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists." *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998)(internal quotations omitted). Plaintiff's potential injuries under the FDCPA occurred prior to the state court judgment, thus rendering the Doctrine inapplicable to these claims.

CGR's argument that Plaintiff had a reasonable opportunity to present her claims and consequently is barred by the Doctrine is inapposite. CGR is correct that Plaintiff did and still does have the opportunity to present the claims in state court regardless of CGR's alleged deceptive actions in obtaining the default judgment. See *Long*, 182 F.3d at 558. Indeed, Plaintiff's complaint discusses ongoing litigation regarding the validity of the default judgment. However, *Long* noted that a lack of a reasonable opportunity to raise the issue in state court proceedings is an *exception* to an otherwise appropriate application of the Doctrine. *Id.* *Long* applied the exception to give the federal court jurisdiction over the § 1983 due process claim that otherwise would have been barred by the Doctrine because the injuries resulted directly from the state court order. *Id.* at 557-58. Because the Court already determined that according to *Long*, the Doctrine does not apply to Plaintiff's FDCPA claims, the Court need not consider the inapplicability of the exception.

The Court notes that Plaintiff's complaint states that she currently is involved in state court litigation to overturn the

default judgment that resulted in the garnishment of her wages. She does not, however, describe the extent of that litigation beyond stating there was a hearing where the CGR attorneys requested a continuance and the judge instructed her to retain counsel. The *Long* court also recognized the potential for parallel proceedings in state and federal courts, but stated "that nothing . . . suggests that the district court should abstain from hearing this case on remand due to the ongoing and potentially duplicative state court litigation." 182 F.3d at 562. Therefore, the state court litigation is not a bar to the federal suit.

### 2. The Illinois Wage Assignment Act Claim

The Court next addresses Count II that alleges CGR violated the Illinois Wage Assignment Act, 740 ILCS 170/2, by failing to provide the requisite notice preceding garnishment of Plaintiff's wages. CGR argues that this claim also is precluded by the Doctrine. The basis for this violation and the injury certainly arose after the entry of the default judgment because the garnishment was a result of such judgment. However, the Court dismisses the claim on other grounds. The statute is not applicable to the situation presented here where Plaintiff's wages were garnished as a result of a court judgment. The applicable procedure for enforcing a judgment by garnishment in these circumstances falls under 735 ILCS 5/12-801 *et seq. See In Re Marriage of Herrick*, 640 N.E.2d 969, 971 (Ill. App. 1994)(stating that the Illinois "Code provides a thorough, if complex, means of garnishing the wages of a judgment debtor" under 735 ILCS 5/12-801).

Accordingly, Plaintiff fails to state a claim under the Illinois Wage Assignment Act and the Court dismisses Count II pursuant to Fed. R. Civ. Proc. 12(b)(6).

### IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Providian's Motion to Dismiss, and **GRANTS** CGR's Motion to Dismiss as to Counts II and III and **DENIES** CGR's Motion to Dismiss as to Count I. Therefore, Count I against CGR remains.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated:      April 7, 2005